**In re Jeffrey G. JANSSEN Barbara Jo Janssen, Debtors.**

**Jeffrey G. Janssen Barbara Jo Janssen, Plaintiffs,**

**v.**

**Citifinancial Services, Inc., Defendant.**

Adversary No. 03–4780–0172.
Bankruptcy No. 03–48442–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

June 29, 2004.

Fredrich J. Cruse, The Cruse Law Firm, P.C., Hannibal, MO, trustee.

Suzanne R. Reinhold, Law Centers of Robert Reinhold, St. Louis, MO, for Plaintiffs.

### *MEMORANDUM ORDER*

JAMES J. BARTA, Chief Judge.

The matter being determined here is the Plaintiff/Debtors' ("Debtors") motion for a default judgment against Citifinancial Services, Inc. ("Defendant"). On April 30, 2004, a default was entered against the Defendant upon the Debtors' "Complaint to Determine the Value of Security and to Strip Purported Lien of Second Mortgage Holder Citifinancial Services, Inc.".

No response was filed to the Debtors' subsequent motion for default judgment; no party appeared at the hearing on May 19, 2004; and the matter was taken under submission by the Court. This Memoran-dum Order is entered after consideration of the record as a whole.

This is a core proceeding pursuant to Section 157(b)(2)(k) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On June 25, 2003, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7. An Order of Discharge under Chapter 7 was entered on September 30, 2003. The Debtors filed the Adversary Complaint that commenced this proceeding on the same date. Certification of Service upon the Defendant was filed on March 17, 2004, and no answer or other response has been filed.

Rule 55 of the Federal Rules of Civil Procedure ("F.R.C.P.") concerning default judgments applies in an Adversary Proceeding through Rule 7055 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P."). The claim here is not for a sum certain, and must therefore be determined by the Court. Fed.R.Civ.P. Rule 55(b).

The facts in this Memorandum Order are based on the Debtors' representations in the Adversary Complaint and on the Debtors' Bankruptcy Schedules and Statement of Affairs.

On or about July 19, 2001, the Debtors signed a promissory note with the Defendant. The note was secured by a deed of trust on the Debtors' principal residence. As of the commencement of this case, the Debtors believed the balance due on this first note was approximately $95,000.00.

Also on or about July 19, 2001, the Debtors signed a second note with the Defendant for a line of credit. This note was

also secured by a lien on the Debtors' principal residence. As of the commencement of this case, the Debtors believed the balance due on the second note was approximately $13,447.71.

Based upon a St. Louis County tax assessment for the year 2003, the Debtors have stated that the value of their principal residence is $86,800.00. No other appraisal has been made a part of this record.

The Debtors have argued that because the amount of the first deed of trust note is greater than the Debtors' opinion of the total value of the real property, the second note and line of credit is wholly unsecured. Therefore, the Debtors' argue, the junior mortgage should be stripped off from the Debtors' residence, and the Court should determine that, under 11 U.S.C. § 506(a), any claim by Citifinancial is not a secured claim and can, therefore, be modified in this Chapter 7 case.

■ Section 506 is captioned, "Determination of Secured Status". It provides a mechanism for the valuation, bifurcation and determination of the status of secured claims in a bankruptcy case. See *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). The value of the claim is to be determined in light of the purpose of the valuation and of the proposed disposition or use of the property that is secured by a creditor's lien. 11 U.S.C. § 506(a).

Section 506 states further that to the extent that a lien secures a claim against the debtor·that is not an *allowed secured claim*, such lien is void. 11 U.S.C. § 506(d) (emphasis added). Allowance or disallowance of a claim is addressed initially at 11 U.S.C. § 502. A claim, proof of which has been filed under Section 501, is allowed unless a party in interest objects. 11 U.S.C. § 502(a). The status of an allowed formal or informal secured proof of

claim can then be determined through valuation and bifurcation, if appropriate, under Section 506, depending on the particular circumstances presented.

In the matter being considered here, the Trustee had reported that no assets were available for distribution in the Chapter 7 case. Neither the Defendant nor any other party filed a proof of claim in this case. In the absence of a filed proof of claim or an informal proof of claim, the Defendant does not hold an allowed claim in this case. However, even if a proof of claim had been filed by the Defendant, or on behalf of the Defendant, no assets are available from which any unsecured portion of the claim could be paid in this case. Furthermore, if a proof of claim had been filed, nothing in this record has provided any basis to conclude that it would be not allowed upon any grounds listed in Section 502.

■ Section 506(d) has been interpreted to provide "the simple and sensible function of voiding a lien whenever a claim secured by the lien itself has not been allowed." *Dewsnup*, 502 U.S. at 415–416, 112 S.Ct. 773. It does not provide authority for lien stripping in a Chapter 7 case, as contrasted to avoiding a lien that secured a claim that is not allowed. No other basis has been suggested upon which the lien may be avoided in this case.

■ Therefore, Section 506(d) standing alone, does not authorize a debtor to modify a creditor's rights by avoiding a lien in a bankruptcy case. Subject to certain limitations, such authorization may be found by combining Section 506(d) with the language and intent of sections of the reorganization and repayment Chapters of the Bankruptcy Code such as Sections 1123(b)(5), 1222(b)(2), 1322(b)(2), and perhaps other discrete sections of the Bankruptcy Code. Even when so authorized in a Chapter 11 and Chapter 13 case, modifica-

tion of the rights of a secured creditor is limited to claims other than those secured only by a security interest in real property that is the debtor's principal residence. See *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

No similar authorization sections are found in Chapter 7.

■ As of the commencement of this case, the Defendant held a claim for a debt that was secured by a lien on the Debtors' property. The debt that is the Debtors' personal liability to the Defendant has been discharged in this Chapter 7 case. The debt that is owed to the Defendant, as well as the Defendant's not-yet-allowed claim continue in the Bankruptcy case, as does the lien on the Debtors' property, unless the lien is otherwise affected by provisions of the Bankruptcy Code.

■ For purposes of this consideration, the Court will determine that this Adversary Proceeding is not unlike an informal proof of claim filed on behalf of a creditor. The informal proof of claim would be allowed because the record contains no basis for disallowance under Section 502. Accepting the Debtors' estimates of value and outstanding balances in this default proceeding, the Court has determined that for the purpose of attempting to strip a lien, the Defendant's debt that is secured by a second deed of trust is a secured claim with zero value and a wholly unsecured claim in the Bankruptcy case. However, as noted above, lien stripping under Section 506(d) is not available in a Chapter 7 case. See *In re Enewally*, 368 F.3d 1165 (9th Cir.2004).

The Court has determined that the Debtors are not entitled to a judgment by default under Rule 7055 in this Chapter 7 proceeding.

**IT IS ORDERED** that this matter is concluded; and that the Debtors' request to enter a default judgment against the Defendant, avoiding the Defendant's lien of a second deed of trust as described in this proceeding is denied; and

That unless specifically determined above, the Debtors' requests for other relief are denied as moot.